**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.

Avatar Properties, Inc.,
Midridge Condominium Assoc.,
Richard Morway and Stacey
Diodati

Civil No. 14-cv-502-LM
Opinion No. 2015 DNH 093

**O R D E R**

The United States of America has sued in one count, on behalf of Edward Tirrell ("Edward"), Michaela Tirrell ("Michaela"), and Edward's minor son, all of whom once resided at the Midridge Condominium Complex ("Midridge"). The United States claims that defendants violated the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3631, by denying the Tirrells' requests to use a parking area that would have given Edward, who has physical impairments, easier access to his unit than the parking area assigned to that unit. Before the court is defendants' motion to dismiss for failure to state a claim on which relief can be granted. See Fed. R. Civ. P. 12(b)(6). The United States objects. For the reasons described below, defendants' motion to dismiss is denied.

**I. The Legal Standard**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

**II. Background**

The facts in this section are drawn from the complaint filed by the United States, document no. 1.

From 1999 until April of 2014, Michaela owned and lived in Unit 5 at Midridge. Edward and his minor son lived there with Michaela between 2011 and April of 2014. Midridge is governed by the Midridge Condominium Association ("Association"), and is managed by Avatar Properties ("Avatar"). Richard Morway was

Avatar's on-site property manager, and Stacey Diodati was Avatar's liaison for Midridge.

Edward's left leg is partially paralyzed, which causes him to wear a leg brace. He also suffers from arthritis in his hips. As a result, he cannot walk for more than 50 feet without being at risk of falling, and he has difficulty going up or down stairs.

The parking area assigned to the Tirrells' unit at Midridge is located behind the unit, and was accessible from the unit by means of a nine-step stairway. There was another parking area designated for visitors only, which is located in front of the Tirrells' unit. That parking area is on the same level as the front door of the Tirrells' unit. Thus, that parking area was accessible to Edward without his having to ascend or descend a stairway.

In December of 2013, Michaela sent an accommodation request to Diodati, informing her that Edward needed to use the visitor parking area because it was too painful for him to use the stairway leading to his unit's designated parking area. Diodati forwarded the request to the Association's board of directors, which denied it without offering Edward any alternative to using his unit's designated parking area.

In January of 2014, the Tirrells directed a second request for an accommodation to Diodati and Morway.  The Association's board also denied that request.  Again, the Association declined to offer the Tirrells any alternative to using their unit's designated parking area.

Because he was denied access to a parking area located on the same level as the front door of his unit, Edward experienced difficulties getting to his vehicle.  As a result of those difficulties, his physical condition has deteriorated.  In April of 2014, the Tirrells moved out of Midridge.

In March 2014, the Tirrells filed a housing-discrimination complaint with the Office of Fair Housing and Equal Opportunity of the United States Department of Housing and Urban Development ("HUD").  In due course, this action followed.  In it, the United States claims that defendants violated 42 U.S.C. §§ 3604(f)(2) and (f)(3)(b) by failing to permit Edward to park his car in the visitor parking area in front of Unit 5.

### III. Discussion

Defendants move to dismiss, arguing that because the Tirrells were not renters, and because their claim does not arise from Michaela's purchase of the unit, the claim asserted by the United States is not cognizable under the FHA.  In other words, defendants argue that 42 U.S.C. § 3604(f)(2) does not

4

apply to claims of post-acquisition discrimination made by or on behalf of property owners.  The court does not agree.

The United States has brought suit to enforce a provision in the FHA that makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person."  42 U.S.C. § 3604(f)(2)(A).  That statute defines discrimination for purposes of § 3604(f) to mean "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B).  Apropos of defendants' argument, the court notes that while 42 U.S.C. § 3604(f)(1) prohibits discrimination against buyers and renters when they are buying or renting dwellings, the protection offered by § 3604(f)(2) is not similarly limited; it extends to "any person" and bars a wider range of discriminatory conduct.

The determinative question here is whether 42 U.S.C. § 3604(f)(2) bars discrimination that takes place after an owner has acquired a dwelling.  The court of appeals for this circuit appears not to have spoken on this issue.  But, in Astralis Condominium Ass'n v. Secretary, U.S. Department of Housing & Urban Development, 620 F.3d 62 (1st Cir. 2010), the First

Circuit did affirm a decision made by an administrative law judge ("ALJ") at HUD in which the ALJ ruled that a condominium association violated the FHA by failing to provide accessible parking for a disabled condominium owner who had owned his unit for two years.  However, the defendant in Astralis did not challenge the applicability of § 3604(f)(2) to discrimination claims by a property owner based upon post-acquisition conduct.  As a consequence, the court of appeals did not have to decide the dispositive issue in this case.

 Courts elsewhere are split on the issue.  See Committee Concerning Community Improvement v. City of Modesto ("CCCI"), 583 F.3d 690, 713 (9th Cir. 2009).  This court is persuaded by the reasoning of CCCI, in which the Ninth Circuit ruled that "the FHA does apply to post-acquisition discrimination."  Id. at 714.

In CCCI, Latino residents of four neighborhoods claimed that the city and county in which their neighborhoods were located violated the FHA by "provid[ing] municipal services in a manner that discriminate[d] against the plaintiff neighborhoods."  Id. at 700.  In holding that claims by property owners based upon post-acquisition conduct are cognizable under the FHA, the court first surveyed the relevant case law, including Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n, 388 F.3d 327 (7th Cir. 2004), which goes the other

way.  See CCCI, 583 F.3d at 712-13.  Then the court gave the following reasons for its decision: (1) "the statutory language does not preclude all post-acquisition claims," id. at 713 (citing 42 U.S.C. § 3604(b));[1] (2) "the regulations implementing the FHA, promulgated by [HUD] also support permitting post-acquisition claims," id. (citing 24 C.F.R. § 100.65); and (3) "limiting the FHA to claims brought at the point of acquisition would limit the act from reaching a whole host of situations that, while perhaps not amounting to constructive eviction, would constitute discrimination in the enjoyment of residence in a dwelling or in the provision of services associated with that dwelling," id. at 714.

The court supported its third reason for permitting post-acquisition claims this way:

> Under . . . a reading of the statute [that bars post-acquisition claims]:
>
> > . . . it would not violate § 3604(b) for a condominium owners' association to prevent a disabled person from using the laundry facilities or for a landlord to refuse to provide maintenance to his Hispanic tenants.  Similarly, it would not violate § 3604(b) for a landlord to sexually harass a tenant or to raise the rent of only Jewish tenants.  It would not violate §

---

[1] Section 3604(b) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."  This language is identical to the language of § 3604(f)(2) in all material respects.

>   3604(c) for a landlord to use racial slurs to or
>   about existing tenants or to spray-paint such a
>   slur on an occupant's door.  Nor would it violate
>   § 3604(c) for a homeowners association to print
>   up flyers denigrating a particular resident due
>   to her religious faith and post them throughout
>   the neighborhood.  All of these behaviors would
>   be beyond the law's purview solely because of
>   when they occurred.

583 F.3d at 714 (quoting Rigel Oliveri, Is Acquisition Everything? Protecting the Rights of Occupants Under the Fair Housing Act, 43 Harv. C.R.-C.L.Rev. 1, 32-33 (2008)).

This court is persuaded by CCCI that "the FHA does apply to post-acquisition discrimination." 583 F.3d at 714.  Thus, the court rejects defendants' argument to the contrary and their reliance upon Halprin.

### IV. Conclusion

For the reasons detailed above, defendants' motion to dismiss, document no. 8, is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 7, 2015

cc:   Nicholas S. Guerrera, Esq.
      Michael T. McCormack, Esq.